[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant (New World) has moved to dismiss the complaint CT Page 13613 claiming lack of personal jurisdiction over New World, a foreign corporation. The Court finds the defendant has sufficient minimum contacts with the state of Connecticut to permit the exercise of jurisdiction within Connecticut. It further finds the exercise of jurisdiction over the defendant would not violate constitutional principles of due process. Knipple v. VikingCommunications, LTD, 236 Conn. 602, 606 (1996).
The plaintiff (KMH) commenced this action by application for Prejudgment Remedy naming "New World Bagels, Inc. d/b/a Willoughby's Coffee Tea Production", and seeking to attach the interest of said defendant in any and all inventory, leases, accounts receivables, fixtures, equipment, motor vehicles and other assets owned by the defendant wherever located in the state of Connecticut.
From the affidavits and supporting documents the Court finds that New World is a Delaware Corporation with a principal place of business in New York; that New World is the parent of a wholly owned subsidiary, Willoughby's Inc., that Willoughby's Inc. is a Connecticut stock corporation registered with Connecticut's Secretary of State and in good standing; that KMH and New World entered into two contracts for KMH to provide franchise marketing and sales campaigns and franchise support services for New World. New World is in the business of operating coffee bars known as New World Coffee and Bagels. KMH alleges it performed contract services and has not been paid.
There are two general issues presented for resolution. First is the question of jurisdiction over New World and secondly, if there is jurisdiction, should a prejudgment remedy be granted.
Since New World is a foreign corporation, jurisdiction over it is pursuant to the long-arm statute, General Statutes § 33-929(e) which reads as follows:
 (e) Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, or any cause of action arising as follows: (1) out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited CT Page 13614 business, whether the orders or offers relating thereto were accepted within or without the state; (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious contact in this state, whether arising out of repeated activity or single acts and whether arising out of misfeasance or nonfeasance.
New World argues that under the terms of its contract it was not obligated to perform any act in Connecticut and that, in fact, it had no contact with Connecticut pursuant to the contracts. The Court, however, finds that KMH did perform substantial work within Connecticut under the contracts and that New World itself had sufficient contact within the state.
First of all, it's not necessary that the foreign corporation itself have contact with Connecticut. It is enough that the parties contemplate there would be a sufficient performance of the contract within this state to encompass a finding of contact. See The Bilco Co., d/b/a the Permentry Co. v. Corey PrecastConcrete Company, 1998 WL 351911 (Conn.Super.) 6/16/98, Levin, J.
and cases cited therein.
In this case, KMH's principle place of business was in Vernon, Connecticut. Under the terms of the agreement KMH was to provide franchise sales support and develop a franchise marketing and sales campaign for New World, to develop documents, systems and service support, and to develop marketing and sales materials.
KMH developed and wrote the marketing and sales campaign in its Connecticut office. It sent out mailings to prospective franchisee's from its Connecticut office. It engaged in regular telephone business with prospective franchisees and New World. It hired a Connecticut firm to print poster advertising which was then shipped to New World in New York. It used a Connecticut photographer for photographs to be used in sales or advertising material. It used a Connecticut graphic design company for advertising work. It used a Connecticut company to prepare a marketing flyer. There were two meetings held at the Willoughby Inc. office in Branford, Connecticut with principles or officers of both KMH and New World. It used a Connecticut firm to run a CT Page 13615 direct mailing campaign.
While perhaps only indirectly related to the contracts between the parties, New World itself did have Connecticut contacts as well. These include advertising that it (New World) has franchise stores at seven Connecticut locations (obviously to pique potential franchises in Connecticut as well as elsewhere).
It advertised on a Web site that it has franchised coffee cafes in New York, New Jersey, Pennsylvania and Connecticut
(emphasis added). In its franchise offering circular, it warns that Connecticut has a statute which may supersede the franchise agreement. It held itself out as having a training center and a roasting plant in Branford, Connecticut.
All of these contacts and the substantial work performed by KMH lead the Court to conclude there were sufficient contacts by new World with Connecticut to support a finding that there is personal jurisdiction over New World in this state. (These contacts by new World would also support a finding of jurisdiction under General Statutes § 33-929(e)(2) in that New World repeatedly solicited business within Connecticut).
The second component in order for personal jurisdiction to attach is that of due process or reasonableness. This issue requires little discussion. World has a principal place of business in New York City which is not geographically inconvenient. It's wholly owned subsidiary, Willoughby's, is located in Branford, Connecticut. Robert Williams, an officer of Willoughby's is also an officer of New World. Officials from New World have come to the Branford office to meet with KMH people. There is no compelling reason to find it unreasonable for New World to defend this suit in Connecticut. See Bilco, supra and cases cited therein.
For the foregoing reasons the Motion to Dismiss the Complaint is denied.
As a procedural matter, since this case was commenced by an application for prejudgment remedy there is technically no case yet pending in the Superior Court. In order for the decision on the Motion to Dismiss to be applicable the plaintiff shall serve the writ, summons and complaint on the defendant and make return to the Court. When that is accomplished, the denial of the Motion to Dismiss will have effect. CT Page 13616
Because the jurisdictional question was raised as a preliminary matter, the application for prejudgment remedy was not heard on its merits. From the affidavits, it appears there is a substantial question as to whether New World has any assets within this state which could be attached. Counsel for KMH has indicated he would like to conduct discovery before proceeding with the prejudgment remedy application. Therefore the Application for Prejudgment Remedy is marked "off".
The plaintiff may reclaim the application for hearing if it wishes to do so.
Klaczak, J.